UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
98-CR-294(JMR/RLE)
02-CV-339(JMR)

United States of America )
 )
v. ) ORDER
 )
Jon Anthony Blackhawk )
 )

Petitioner seeks relief under 28 U.S.C. § 2255 claiming: (1) numerous Fourth Amendment search and seizure violations relating to the warrant obtained in his case; (2) Fifth Amendment violations stemming from an in-custody police interrogation; (3) that numerous errors were made with respect to the sentence imposed in this case; (4) ineffective assistance of counsel; and (5) that he is entitled to an evidentiary hearing on these issues.

I. Factual Background

On November 4, 1998, petitioner was indicted on multiple firearms charges. Katherine D. Roe, a federal public defender, was appointed as his counsel. Ms. Roe filed a number of motions on petitioner's behalf, including motions to suppress evidence and statements obtained in violation of petitioner's constitutional rights. On February 22, 1999, Ms. Roe's motion to withdraw as petitioner's attorney was granted. On March 3, 1999, Richard John Coleman was appointed as counsel. On April 8, 1999, pursuant to a plea agreement, petitioner pleaded guilty to a one-count amended information, charging him with receiving and possessing a stolen

FILED
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED APR 29 2002
DEPUTY CLERK'S INITIALS

firearm, in violation of 18 U.S.C. § 922(j).

II. Discussion

A. Petitioner's Motion is Time-Barred

Initially, the Court notes petitioner's failure to file his § 2255 petition within the one-year period established by statute. See 28 U.S.C. § 2255. Petitioner's judgment of conviction became final over a year before this motion was filed; accordingly, the petition is untimely.

While there is a split among the circuits as to when the one-year limitation period begins, here, the one-year period has expired regardless of which approach is used. Two appellate courts have found the limitation period begins when the court issues its mandate in the direct criminal appeal. See United States v. Torres, 211 F.3d 836, 839-41 (4th Cir. 2000); Gendron v. United States, 154 F.3d 672, 674 (7th Cir. 1998). The Eight Circuit Court of Appeals issued its mandate in this case on November 6, 2000, United States v. Blackhawk, 2000 WL 1658882 (8th Cir. Nov. 6, 2000) (unpublished), yet petitioner did not file his motion until February 6, 2002. The other appellate courts have held that, where no petition of certiorari has been filed, the judgment of conviction becomes final when the time for seeking certiorari review expires. See United States v. Gamble, 208 F.3d 536, 537 (5th Cir. 2000); United States v. Burch, 202 F.3d 1274, 1278 (10th Cir. 2000); Kapral v. United States, 166 F.3d 565, 570-71 (3d Cir.

1999). The 90-day period for filing a petition for writ of certiorari expired February 4, 2001, more than a year before petitioner filed this motion.

Petitioner cannot utilize § 2255's tolling provisions to extend the limitations period. He does not claim government action prevented him from pursuing his claims, see 28 U.S.C. § 2255(2), or the acquisition of previously unavailable evidence, see 28 U.S.C. § 2255(4). As a result, his habeas petition is time barred.

B. Fourth Amendment Search and Seizure Claim

Petitioner argues that his conviction is invalid because it is based on evidence obtained through an unconstitutional search and seizure, in violation of the Fourth Amendment.[1] Petitioner is precluded from bringing this claim, however, because of his guilty plea.

A guilty plea waives all jurisdictional defects. See Walker v. United States, 115 F.3d 603, 604 (8th Cir. 1997). This includes allegedly illegal searches and seizures. United States v. Johnson, 634 F.2d 385, 386 (8th Cir. 1980); see also United States v. Jennings, 12 F.3d 836, 839 (8th Cir. 1994). Petitioner entered a guilty plea on April 8, 1999. In doing so, he specifically waived his right to continue to raise and appeal challenges brought before the United States Magistrate Judge, including his search and seizure claim. See Plea T. at 8-9. Because petitioner entered a

[1]Grounds 1, 2, 3, 4, 5, 6, and 9 of petitioner's motion.

knowing, intelligent, and voluntary plea, the Court is precluded from considering them here. United States v. Blackhawk, 242 F.3d 377 (8th Cir. 2000) (unpublished).

C. Fifth Amendment Police Interrogation Claim

Petitioner similarly urges the Court to vacate his sentence because it is allegedly based on evidence obtained through an unconstitutional police interrogation.[2] As with his Fourth Amendment claims, petitioner waived this claim by pleading guilty. Walker, 115 F.3d at 604.

D. Sentencing Claims

Petitioner argues that he suffered a number of injuries relating to sentencing, including that he was improperly designated as an armed career criminal. He first raised this claim in his direct appeal before the Eight Circuit Court of Appeals. United States v. Blackhawk, 242 F.3d 377 (8th Cir. 2000) (unpublished). The appellate court explained upon direct review, that while petitioner was indicted as an armed career criminal, he pleaded guilty under the amended information to possessing a stolen firearm in violation of 18 U.S.C. 922(j). Under 18 U.S.C. 924(e)(1), the armed career criminal statute, Congress limited conviction as an armed career criminal to convictions under 18 U.S.C. 922(g). Petitioner did not enter a plea related to the armed career criminal offense, and was not, therefore, eligible for the enhanced

[2]Petition ground 7.

sentencing penalties. He was instead sentenced under U.S.S.G. § 2K1.2(a)(2) for having "at least two prior felony convictions of either a crime of violence of a controlled substance offense," and not under U.S.S.G. § 4B1.4 as an armed career criminal, rendering the issue moot. See Sent. T. at 37.

Petitioner further argues that his Fourteenth Amendment rights were violated by "false, misleading and inaccurate information" contained in his presentence report ("PSR"), and his attorney's failure to file more than "a perfunctory motion to correct" these errors. Petitioner is wrong.

First, he suffered no Fourteenth Amendment injury. Counsel noted numerous objections to the PSR, each of which was considered by both the probation officer and the Court. Much of the information objected to came directly from Ramsey and Hennepin County court records. Petitioner has not explained why this information was untrue, nor why its inclusion was harmful to the defendant's Fourteenth Amendment rights. Other than making opaque claims regarding a constitutional injury, petitioner has not asserted any viable constitutional claim. Because he was provided an opportunity for judicial consideration of objections, his due process interests were protected.

Second, counsel adequately represented his client's interests when filing objections to the PSR. For example, Mr. Coleman objected to the offense conduct and the assignment of

responsibility for eight firearms, arguing that the proper number was three. Following an evidentiary hearing held during petitioner's sentencing, the Court found petitioner had three or four firearms, thereby placing him in a lower sentencing category. Sent. T. at 34. In other words, instead of a perfunctory motion, counsel filed a substantive motion that was successful in reducing the sentence ultimately imposed. Other objections filed by counsel were similarly successful in reducing petitioner's sentencing range from 120 to 150 months to 100 to 125 months. He was sentenced to 108 months, a year less than the minimum provided under the higher range. Under these circumstances, the Court finds counsel was not ineffective in representing petitioner's interests; accordingly, these claims fail.

E. Ineffective Assistance of Counsel

In his motion, petitioner makes 12 ineffective assistance of counsel claims, each based on counsel's failure to pursue the constitutional claims outlined above, and on the representation he generally received. As counsel's failure to pursue these claims did not prejudice the defendant, these claims also fail.

The United States Supreme Court, in Strickland v. Washington, 466 U.S. 668 (1984), established a two-prong standard for evaluating an ineffective assistance of counsel claim. Strickland requires petitioner to establish that "counsel's representation fell below an objective standard of reasonableness," and that

"there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 688, 694. When considering challenges to an attorney's performance, a court applies a deferential standard of review, presuming that the attorney's representation was competent, and that the challenged decisions constitute strategic and tactical decisions. See Strickland, 466 U.S. at 689.

To show his attorneys were deficient, petitioner must show "counsel was not functioning as counsel guaranteed by the Constitution," and that his lawyers' acts or omissions were not "the result of reasonable professional judgment." Strickland, 466 U.S. at 690. He must show counsel's performance rendered the trial proceedings fundamentally unfair or unreliable. See El-Tabach v. Hopkins, 997 F.2d 386, 389 (8th Cir. 1993).

Petitioner has not demonstrated that his attorneys' performance was deficient. Ms. Roe moved to suppress both the statements made by petitioner to the police, and the evidence obtained by the allegedly improper search and seizure. Mr. Coleman filed detailed objections to the allegedly improper presentence report, including objections to the offense conduct, offense level computations, and personal history contained therein. In addition, a lengthy brief was filed in support of these objections. While petitioner may not have been pleased with the ultimate result of his representation, he has not shown that he suffered any prejudice

from counsel's actions.

Beyond this, the Court notes that during the course of this case, petitioner expressed upon repeated occasions that he was concerned with his representation. The Court permitted him to replace his attorney on one occasion, and duly considered his expressions of concern on other occasions. Based on the Court's direct observation, there is no way that representation was deficient, but was instead zealous and competent representation.

F. Evidentiary Hearing

Lastly, petitioner claims that without a hearing on his § 2255 petition, his constitutional due process rights will be violated. Petitioner can be assured that the Court has thoroughly read his submissions and the law applicable to his legal claims. Federal habeas law provides that, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" a hearing is unnecessary. See 28 U.S.C. § 2255; see also McNeal v. United States, 249 F.3d 747, 749 n.2 (8th Cir. 2001). This Court heard this case; as a result, it has detailed, extensive knowledge of the facts and evidence presented. A hearing on the merits of these claims would not enhance the Court's understanding of the issues or facts presented in this motion. Petitioner's request for a hearing is denied.

III. Certificate of Appealability

The Court has also considered whether issuance of a

Certificate of Appealability ("COA") is appropriate. See Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997). In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)). Petitioner has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for issuance of a COA. 28 U.S.C. § 2253(c)(2).

Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

1. Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 [Docket No. 51] is denied.

2. No Certificate of Appealability will be issued in this matter.

Dated: April 29th, 2002

JAMES M. ROSENBAUM
United States District Chief Judge